**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KENNETH J. PHELAN,

                              Plaintiff,

                - v -                              Civ. No. 9:11-CV-636
                                                           (NAM/RFT)

DR. KARANDY, *Physician, Great Meadow Corr. Facility*;
NURSE TED; LEPKA, *Nurse*,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

KENNETH J. PHELAN
Plaintiff, *Pro Se*
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On June 8, 2011, *pro se* Plaintiff Kenneth Phelan filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *in Forma Pauperis* (IFP), which were both forwarded to the undersigned by the Clerk of the Court for review. Dkt. No. 1, Compl.; Dkt. No. 2, IFP Mot.

Upon this Court's review of such filings, we issued an Order to Show Cause wherein we reviewed Plaintiff's litigation history and his patent abuse of the litigation process. Dkt. No. 8. Specifically, we found that from May 1999 through December 5, 2011 (the date the Court issued the Order to Show Cause), Plaintiff had filed at least twenty-eight civil actions, spanning several district courts throughout the country; in this District alone, nineteen actions had been filed by Plaintiff. *Id.* at p. 2. We further found that Plaintiff often initiated multiple lawsuits against the

same parties and we detailed the burdens that have been imposed on this District's ability to effectively adjudicate matters before it. As we stated in our Order to Show Cause:

> Courts may resort to restrictive measures when responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive measures in such situations). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In this context, courts have accepted the need for permanent injunctions as a result of extraordinary patterns of vexatious, harassing, and duplicative litigation practices. *In re Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process). That is, a permanent injunction may be used to enjoin a vexatious litigant who abuses the judicial process from pursuing future litigation without leave of the court, *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004), or may impose the less drastic remedy of a "leave to file" requirement, *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *In re Martin-Trigona*, 9 F.3d at 229-30.

*Id.* at pp. 2-3.

In accordance with Second Circuit law, this Court utilized the following five factors in ultimately determining that Phelan "fits the mold of a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissal of his actions[:]"

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at p. 3 (quoting *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

More specifically, this Court determined, with detailed analysis that: 1) "Phelan has a history of vexatious and duplicative litigation," many of which have been dismissed due to his failure to

prosecute; 2) he did not have a "good faith expectation of prevailing in many of his civil actions as they patently lack any legal basis;" 3) though acknowledging that he has pursued his actions as a *pro se* litigant, "the amount of federal actions he has filed demonstrates his extensive litigation experience;" 4) he has caused "needless harassment and extreme burden on the many defendants he sues, as well as the Court;" and 5) in light of his protracted litigation history, there does not appear to be "any other sanction, short of an injunction, [that would] be adequate to protect the Court and defendants from Plaintiff's insatiable appetite for continued litigation." *Id*. at pp. 3-7.

Prior to outright recommending this harsh remedy, this Court provided Plaintiff an opportunity to show cause "why this Court should not recommend, pursuant to the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceeding, dismissal of the instant case now before the Court and that Plaintiff be prohibited from making any future filings in this District without prior leave of the Chief Judge." *Id*. at p. 8.

On December 28, 2011, the Court received Plaintiff's vitriolic response to the Order to Show Cause. Dkt. No. 9. Throughout Plaintiff's written response, he accuses this Court of spreading "vicious lies" and slandering him and lodges insults at the many judges whom he feels don't understand the law, are "really stupid," and are prejudiced against prisoners. He then went on to unwittingly substantiate all of this Court's findings regarding the frivolous and baseless actions he has brought in various federal courts. For example, Phelan takes issue with this Court's classification of his civil action brought in the Western District of New York, *Phelan v. Eckert*, 6:10-CV-6205. Opposing our finding that this case was frivolous, he insists that the district judge dismissed his case for "failure to state a claim" and that the Second Circuit dismissed the appeal "because it lacks an arguable basis in law or fact." *Id*. at p. 2. One definition of frivolousness set

forth by the Supreme Court is where a claim is "based on an indisputably meritless legal theory." *Id*. at 32; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Furthermore, the Second Circuit has held that "[a] claim is based on an 'indisputably meritless legal theory' when . . . the claim lacks an arguable basis in law." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curium*). In fact, in dismissing Phelan's appeal, the Second Circuit cited *Neitzke*.

Toward the conclusion of his written tirade, Phelan includes the following paragraph:

> I have not cause [sic] any harassment or burden on any of the defendants or the court. Trecee [sic] its clear you have no clue what harassment is. Upon my release, in fact, in light of all these evil lies you spit at me I'm going to have to put you on my calendar and see you at your home. We need to talk in person.

Dkt. No. 9 at p. 7.

After submitting this Response, Plaintiff has submitted other vexatious filings in this case, such as a bill for his legal fees for his time spent responding to the Order to Show Cause. Dkt. No. 10.

In sum, this Court afforded Plaintiff an opportunity to show cause why certain restrictions should not be placed upon him in light of his vexatious and harassing litigation history. In response, Plaintiff substantiates each of our findings and continues with his disturbing and harassing behavior. Having provided due notice to Plaintiff and an opportunity to be heard, we reiterate our findings in our Order to Show Cause (Dkt. No. 8) and incorporate them herein and recommend that the instant action be dismissed and that Plaintiff be permanently enjoined from filing any other case in this District without leave of the Chief Judge.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed**; and it is further

**RECOMMENDED**, that Plaintiff be permanently enjoined from filing any other case in this District, unless he is represented by counsel, without leave of the Chief Judge.; and it is further

**RECOMMENDED**, that such Order instruct Phelan that any motion for leave to file must be titled "Application Pursuant to Court Order Seeking Leave to File" and must be accompanied by 1) a copy of the document(s) he wishes to file; and 2) a copy of the Court's Order enjoining him from further filings.  Should Phelan violate such Order and file any action without first filing a motion for leave to file, the Clerk of the Court should be directed to close the case upon filing and the defendants to such action shall not be required to make any response absent further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  March 12, 2012
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge