UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**KENNETH J. PHELAN,**

**Plaintiff,**

**-v-**                                          **9:11-CV-636 (NAM/RFT)**

**DR. KARANDY, Physician, Great Meadow Corr.
Facility; NURSE TED; LEPKA, Nurse,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

KENNETH J. PHELAN  09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *Pro Se*

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

On December 5, 2011, United States Magistrate Judge Randolph F. Treece *sua sponte* issued an Order to Show Cause (Dkt. No. 8) directing plaintiff to show cause why Magistrate Judge Treece should not recommend that this Court dismiss the action and issue an injunction against filing further *pro se* actions without leave of the Chief Judge.  After receiving responses from plaintiff (Dkt. Nos. 9, 10), Magistrate Judge Treece issued a Report and Recommendation and Order (Dkt. No. 11) recommending that the complaint be dismissed and that plaintiff be permanently enjoined from filing any other case in this District without leave of the Chief Judge, unless he is represented by counsel.  Plaintiff objects (Dkt. No. 12).  By text order dated March 13, 2012, Magistrate Judge Treece denied as moot plaintiff's pending motion (Dkt. No. 2) for

leave to proceed *in forma pauperis*.

This Court refers to Chief Judge Gary L. Sharpe the recommendation of an anti-filing injunction. The Court accepts so much of the Report and Recommendation as recommends dismissal of the complaint, and dismisses the complaint with prejudice for the reason set forth in this Memorandum-Decision and Order.

## DISCUSSION

On June 8, 2011, plaintiff filed the complaint herein (Dkt. No. 1), alleging that on seven or eight occasions between March 23, 2011 and May 18, 2011, while he was incarcerated at Great Meadows Correctional Facility, he suffered severe migraines, and that on each occasion, defendants refused to provide him with any treatment. The complaint has not yet been served.

On December 5, 2011, Magistrate Judge Treece issued the Order to Show Cause (Dkt. No. 8) directing plaintiff to show cause why Magistrate Judge Treece should not recommend that this Court dismiss the action and issue an injunction against filing further *pro se* actions without leave of the Chief Judge. The Order to Show Cause reviewed plaintiff's litigation history in detail, noting *inter alia* that he has filed at least twenty-eight civil actions in several different district courts, and that during the last two years he initiated nineteen civil actions in the Northern District of New York alone. Magistrate Judge Treece reviewed all pertinent factors, including those set forth in *Safir v. United States Lines, Inc.* 792 F.2d 19, 24 (2d Cir. 1986). He found that plaintiff "has a history of vexatious and duplicative litigation"; that many of his cases have been dismissed due to his failure to prosecute; that plaintiff did not have a "good faith expectation of prevailing in many of his civil actions as they patently lack any legal basis"; that although plaintiff proceeds *pro se*, the number of federal actions he has filed demonstrates "his extensive litigation experience";

that he has caused "needless harassment and extreme burden on the many defendants he sues, as well as the Court"; and that in light of his protracted litigation history, there does not appear to be "any other sanction, short of an injunction, [that would] be adequate to protect the Court and defendants from Plaintiff's insatiable appetite for continued litigation."

On December 28, 2011, plaintiff filed his "Answer to Order to Show Cause" (Dkt. No. 9). In addition to disputing many of Magistrate Judge Treece's findings, plaintiff avers that he has not abused the judicial process, and states: "Mr. Phelan is shocked at the vicious lies Treece has thrown at me and slandered my good name.... Why do you openly lie about my cases?  You will never get any respect doing this and you dishonor not only the bench, but our flag and our government!"  Plaintiff continues in this vein for a few pages, making numerous comments such as: "[D]amn you liar!"; "Dumbass!"; and "You judges are really stupid!"  Plaintiff then states:

> I have not cause[d] any harassment or burden on any of the defendants or the court.  Treece its clear you have no clue what harassment is.  Upon my release, in fact, in light of all these evil lies you spit at me I'm going to have to put you on my calender and see you at your home.  We need to talk in person.

(Emphasis in original.)  Plaintiff continued:

> Treece, you owe me a FAT apology!  You need to start reading case law as I have instead of wasting time slandering peoples' good name....

(Emphasis in original.)

On January 30, 2012, plaintiff wrote a letter to Magistrate Judge Treece (Dkt. No. 10) stating:

> Since you want to treat me like an attorney, I will be billing you like one.
> Enclosed is my bill for the unnecessary Order to Show Cause.
> I will be collecting this sooner or later.

Plaintiff attached a "legal bill" for $4,400.

-3-

Thereafter, Magistrate Judge Treece issued the Report and Recommendation and Order (Dkt. No. 11) recommending that the complaint be dismissed and that plaintiff be permanently enjoined from filing any other case in this district without leave of the Chief Judge, unless he is represented by counsel.  Plaintiff objects (Dkt. No. 12).  In his objection (Dkt. No. 12), plaintiff opines that Magistrate Judge Treece "is biased and should be removed from the bench."

It is for the Chief Judge of the Northern District of New York to decide whether to issue an anti-filing injunction.  Thus, so much of Magistrate Judge Treece's Report and Recommendation as recommends the issuance of an anti-filing injunction is referred to Chief Judge Gary L. Sharpe.

Magistrate Judge Treece did not address whether the complaint herein is frivolous or fails to state a claim.  Rather, his recommendation that the complaint be dismissed appears to be based on his recommendation that an anti-filing injunction be entered.  In other words, he recommends that the complaint be dismissed without prejudice and an anti-filing injunction entered, thus requiring plaintiff to apply to the Chief Judge for leave to re-file the claims asserted in this action. Because it is referring the anti-filing injunction question to Chief Judge Sharpe, this Court has no basis to dismiss the complaint on this ground.

The Court *sua sponte* considers in the alternative whether to exercise its discretion to dismiss the complaint as a sanction for the abusive and threatening language in plaintiff's submissions in response to the Order to Show Cause.  A court has the inherent power to supervise and control its own proceedings and to fashion an appropriate sanction – including outright dismissal of a lawsuit – for bad-faith conduct.  *See Chambers v. NASCO, Inc*., 501 U.S. 32, 43-45 (1991).  A sanction is appropriate where the challenged conduct is "entirely without color" and

-4-

motivated by "improper purposes" such as harassment or delay. *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995).

Plaintiff's invective, personal attacks, and threats against Magistrate Judge Treece, as set forth above, are entirely without color. There can be no proper purpose for plaintiff's threats and abusive statements, and no motive except harassment. The Court finds that plaintiff's threats and abusive statements were made in bad faith.

Plaintiff cannot reasonably claim to have had a good-faith basis for his threats and abusive statements. Nor can he reasonably argue that he believed they were proper. Under the circumstances here, no purpose would be served by giving plaintiff notice and an opportunity to be heard prior to the imposition of a sanction. In view of the nature of plaintiff's conduct, the Court finds that dismissal of the complaint with prejudice is the appropriate sanction.

It is therefore

ORDERED that United States Magistrate Judge Randolph F. Treece's Report and Recommendation (Dkt. No. 11) is referred in part and accepted in part as set forth herein; and it is further

ORDERED that the Court refers to Chief Judge Gary L. Sharpe the recommendation by Magistrate Judge Treece that plaintiff be permanently enjoined from filing any other case in this district without leave of the Chief Judge, unless he is represented by counsel; and it is further

ORDERED that the Court accepts so much of the Report and Recommendation as recommends dismissal of the complaint; and it is further

ORDERED that the complaint is dismissed with prejudice, for the reason set forth in this Memorandum-Decision and Order; and it is further

-5-

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-

Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   June 14, 2012
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge